IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES KRECKER                                                     PLAINTIFF

                v.                       Civil No. 2:20-cv-02010

SHERIFF RON BROWN,
Crawford County, Arkansas;
CAPTAIN PATTY STROUD;
and LIEUTENANT C. DOWDY                              DEFENDANTS

## OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on February 6, 2020. He proceeds *pro se* and *in forma pauperis.*

On March 3, 2020, an Order (ECF No. 9) was entered directing Plaintiff to file an amended complaint. Plaintiff was advised his original complaint was deficit because he: (1) failed to state what actions each individual Defendant took that resulted in a violation his federal constitutional rights; and, (2) failed to indicate if he suffered any physical injury or other damages as a result of Defendants' actions. Plaintiff was given detailed instructions regarding the filing of an amended complaint.

Plaintiff filed his First Amended Complaint on March 11, 2020. (ECF No. 11). Contrary to the Court's direction, Plaintiff did not describe any actions taken by the Defendants that allegedly resulted in a violation of his federal constitutional rights. Section 1983 requires a showing of each Defendant's personal involvement or responsibility for the constitutional violations.

An Order (ECF No. 12) was entered on March 11, 2020, giving Plaintiff another chance to

1

amend his complaint. Plaintiff was directed to submit a Second Amended Complaint by March 30, 2020. Once again, Plaintiff was given detailed instructions regarding the filing of an amended complaint.

To date, Plaintiff has not filed a Second Amended Complaint. He has not filed a motion for an extension of time. He has not contacted the Court in anyway.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b), this action should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court. Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 13th day of April 2020.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE